IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00386-RPM

DEREK SMITH,
SHANNON RILEY, and
ERIC HEPPER,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,
JEFFERSON COUNTY SHERIFF JEFF SHRADER, in his official capacity,

    Defendants.

## PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

The Plaintiffs DEREK SMITH, ERIC HEPPER, and SHANNON RILEY, by and through their undersigned counsel, respectfully allege for their Complaint as follows:

### JURISDICTION AND VENUE

1. This action was commenced in the courts of the State of Colorado and removed to this Court pursuant to 28 U.S.C. § 1441, based upon the presence of a claim under 42 U.S.C. § 1983. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(1 and 2).

### THE PARTIES AND JURISDICTION

2. Derek Smith, Shannon Riley and Eric Hepper are natural persons who, on January 22-23, 2015, lived in a home in Conifer, CO.

3. THE CITY AND COUNTY OF DENVER is a Home Rule City and County under Article XX of the Constitution of Colorado, and as such a municipal subdivision of the State of Colorado. All of its acts are under color or law, even when those actions violated the Constitution and laws of the United Sates and the State of Colorado.

4. JEFF SHRADER is the duly elected Sheriff of the County of Jefferson, State of Colorado and act in his official capacity as head of the Jefferson County Sheriff's Office, directing the actions and controlling the hiring, firing and training of all of the Jefferson County Sheriff's Office SWAT officers deployed to the Property on January 23, 2015. All of his acts complained of herein are under color or law, even when those actions violated the Constitution and laws of the United Sates and the State of Colorado.

## FACTUAL ALLEGATIONS

5. In addition to the Plaintiffs' residence, on January 22-23, 2015, the Property also included several outbuildings (a free standing garage and barn, as well as several greenhouses and smaller metal structures).

6. DEREK SMITH and SHANNON RILEY are engaged to be married.

7. Colorado, under certain circumstances defined by both state statute and the Colorado Constitution, has legalized the cultivation and possession of marijuana. While this does nothing to alter the status of marijuana under federal law, it constitutes a constraint upon the Colorado courts in finding probable cause for state crimes sufficient to authorize a state search warrant.

2

8.      DEREK SMITH is a registered caregiver under Colorado marijuana law, and his patients list him as their caregiver. Under the Colorado Constitution, this allows Mr. Smith to transport marijuana to them, even in quantities that would normally be violative of the state statutes.

9.      On January 22, 2015, Denver Police Detective Brian Matos submitted an affidavit for search warrant [Document 14-1] to a Denver Judge, seeking authority to search the Property, which recounted information related to marijuana being grown in certain of the outbuildings at the Property.  Nothing in the affidavit recounted any connection between the residence located at the Property and the cultivation, production or storage of marijuana and no opinion was expressed connecting the residence with any alleged unlawful activity in the outbuildings.

10.     Although the search warrant application sought authority to search the Property based upon a claim that probable cause existed to believe that there was marijuana as defined by § 18-18-102(18), COLORADO REVISED STATUTES 2015, nothing in the findings contained in the warrant enumerated what grounds under § 16-3-301(2), COLORADO REVISED STATUTES 2015, had been established.

11.     While Detective Brian Matos affidavit can be read to indicate that his information established the presence on the property of controlled substances other that marijuana, it is clear that that statement, on page 1 of the Affidavit for Search Warrant, is a statement of what constitutes a controlled substance, not that there was information that any "controlled substance" other than marijuana was present.

12. Nothing in the Affidavit for Search Warrant would cause a reasonable person to exclude the probability that the possession or cultivation of marijuana by any occupant of the Property was lawful under Colorado law, including Article 18, section 14 of the Constitution of Colorado.

13. The Affidavit for Search Warrant did not contain a request for "no knock" authority as required by § 16-3-303(4), COLORADO REVISED STATUTES 2015, and no such "no knock" execution was authorized by the Search Warrant.

14. On January 23, 2015, Denver Police Department Marijuana Task Force team members accompanied by Jefferson County SWAT raided the Property, including Plaintiffs' residence. Contrary the authority of the Search Warrant they entered the residence as a "no-knock" raid conducted with military tactics and weapons and thus risked lives and destroyed property by their violation of the warrant's authority and use of excessive force.

15. The officers executing the Search Warrant at the Property were presented with legitimate state-issued marijuana paperwork.

16. Personal property was removed from the residence on the Property for purposes not authorized by law or the warrant, depriving the Plaintiffs of the lawful use and benefit of their property.

17. Personal property was needlessly damaged and destroyed at the residence on the Property for purposes not authorized by law or the warrant, depriving the Plaintiffs of the lawful use and benefit of their property.

4

18.     As of January 23, 2015, it was the practice of the Denver Police Department and Jefferson County Sheriff's Office to use military tactics and excessive force in the execution of Search Warrants related to marijuana grows, without regard for the statutory safeguards established in § 16-3-303(4), COLORADO REVISED STATUTES 2015, and with reckless disregard for the lives and property they came into contact with.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Unreasonable Search And Seizure In Violation Of The Fourth Amendment By The Use Of Excessive Force

19.     Plaintiffs incorporate all preceding averments of this Complaint into this First Clam for Relief as if set forth fully herein.

20.     The use of military force in breeching and clearing the residence was unreasonable, not authorized by the warrant, and posed an unreasonable risk to life and property, in violation of the Fourth Amendment to the Constitution of the Untied States.

21.     Plaintiffs were damaged in both their enjoyment of life and their property by the Defendants disregard of the Fourth Amendment to the Constitution of the Untied States and are entitled to damages pursuant to 42 U.S.C. § 1983.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### Violation Of The Fourteenth Amendment By The Unauthorized Taking Of Property Without Due Process Of Law

22.     Plaintiffs incorporate all preceding averments of this Complaint into this Second Clam for Relief as if set forth fully herein.

23. By exceeding the authority of the Search Warrant and taking property to turn over to federal authorities to accomplish that which they could not accomplish under Colorado law, in hopes of a financial return to the Denver Police Department and the Jefferson County Sheriff's Office, these Defendants violated the Due Process Rights of the Plaintiffs under the Fourteenth Amendment to the Constitution of the United States.

24. Plaintiffs were damaged by the Defendants disregard of the Fourteenth Amendment to the Constitution of the Untied States and are entitled to damages pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, and grant:

(a) Appropriate relief at law and equity;

(b) Declaratory relief and other appropriate equitable relief;

(c) Economic losses on all claims allowed by law;

(d) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(e) Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

(f) Pre- and post-judgment interest at the highest lawful rate;

6

PLAINTIFFS HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

DATED THIS 21st day of December, 2016.


/s/ Matthew W. Buck
The Cannabis Law Firm
437 W. Colfax Ave Ste 300
Denver, CO 80204

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2016, I filed the foregoing THIRD AMENDED COMPLAINT PURSUANT AND JURY DEMAND via the US District Court ECF Filing System, which will send a true and correct copy to the following:

David C. Cooperstein
Jamesy C. Owen
Denver City Attorney's Office
Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, CO 80202-5332
David.cooperstein@denvergov.org
Jamesy.owen@denvergov.org
Attorneys for Denver Defendants

Eric T. Butler, #29997
Rachel Bender, #46228
Rebecca Klymkowsky
Assistant County Attorneys
Jefferson County Attorney's Office
100 Jefferson County Parkway, Suite 5500
Golden, CO 80419
Telephone: 303-271-8900
Fax: 303-271-8901